IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA JEAN GRIMALDI                                                                                    PLAINTIFF

v.                                              Civil No. 2:22-CV-02016

CASSIE JOHNSON                                                                                          DEFENDANTS
(Assistant Jail Administrator),
JIMMY DORNEY
(Jail Administrator),
SERGEANT BRANDON HICKS,
and DR. CRUZ

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is obliged to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

Plaintiff, Sandra Jean Grimaldi ("Grimaldi"), filed her Complaint on January 19, 2022. (ECF No. 1).  Grimaldi alleges her federal constitutional rights have been violated in the Franklin County Detention Center ("FCDC").  She indicates she arrived at FCDC on September 23, 2021, and she was convicted on November 21, 2021.  (*Id*. at 2, 4).

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

For her first claim, Grimaldi alleges she was denied medical care for a "large lump protruding from my stomach" since she arrived at FCDC. (*Id*. at 4). She alleges she wrote multiple medical requests, and finally was called into the hallway and told to raise her shirt and show the lump to a man that she assumes was the FCDC doctor. (*Id*. at 4). He wrote notes and then she was returned to her pod. She alleges she has had no further communication or consultation with a medical provider, and has received no diagnosis or treatment for the lump. She alleges she did not have the lump prior to entering LCDC. (*Id*. at 4-5). She alleges she is suffering from discomfort and is worried about the lump. (*Id*.). Grimaldi names all Defendants and "head personnel" for this claim. She proceeds against them in both their official and individual capacities. (*Id*.). For her official capacity claim, she alleges she had to file multiple medical requests and a grievance before she was seen in the hallway by the doctor. (*Id*. at 6).

For her second claim, Grimaldi alleges that the heater has not worked in the facility since she has been there, the air condition blows constantly in "D pod," and staff will not provide extra blankets. (*Id*. at 6). She alleges the temperatures in the pod dipped below freezing at times, with the air condition still blowing. She says there is no attempt to maintain or repair the heat or the air conditioner. (*Id*.). Grimaldi names "Franklin County Detention Center staff, deputies, administration, maintenance," as well as Defendants Johnson, Dorney and Hicks for this claim. (*Id*.). She has checked two boxes on the complaint form, so the Court will interpret this to mean she wishes to proceed against these Defendants in both their official and individual capacities. (*Id*.).

For her third claim, Grimaldi alleges she was denied access to the courts. She states:

> inability to contact attorneys or public defenders from the inmate housing area. refusal to provide or make available access to contacting appropriate representation. Restriction to accessing contact to legal representation, along with PREA inmate hotline. Information for inmate hotline for PREA provided on telephone but unable

> to make contact and call of to the hotline number, or most attorney and public defender contacts are limited or unavailable. *not able to contact representation, resulting in failure to fair trials or convictions and court dates. unable to call out for help to PREA if fearful or threatened while incarcerated.

(*Id*. at 8). Grimaldi names Defendants Johnson, Dorney, Hicks, and "staff on duty" for this claim. She again checked two boxes on the complaint form, so the Court will interpret this to mean she wishes to proceed against these Defendants in both their official and individual capacities.

Plaintiff seeks compensatory and punitive damages. (*Id*. at 9).

## II. LEGAL STANDARD

Under § 1915A, the Court must screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

3

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Claim One – Denial of Medical Care

Grimaldi's allegation that Dr. Cruz failed to diagnose or treat a lump on her stomach after examining her briefly states an individual capacity claim sufficient to survive screening. She does not, however, state how any other defendant was personally involved in the alleged denial of medical care. *See*, *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976) ("Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Thus, she fails to state a plausible individual capacity claim against any defendant other than Dr. Cruz.

Grimaldi also fails to state a plausible official capacity denial of medical care claim. She alleges only that she needed to file multiple medical requests and a grievance before she was seen, and she does not indicate how long it took for her to be seen by the doctor. Such vague and conclusory allegations cannot support an official capacity claim. *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom ... or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."); *Arnold v. Corizon, Inc*, No. 1:15CV62, 2015 WL 4206307, at *2 (E.D. Mo. July 10, 2015) (conclusory claims that defendants acted according to some unspecified policies or customs are not enough to

state official capacity claims). Grimaldi's Complaint, therefore, fails to state a plausible official capacity denial of medical care claim against any defendant.

### B. Claim Two – Facility Temperature

Grimaldi's allegations that the temperature controls in the facility were not functioning correctly, it was freezing cold in the facility, and she was not provided with additional blankets, state a plausible official capacity conditions of confinement claim sufficient to survive screening. She does not, however, need to bring this official capacity claim against multiple defendants. A suit against a government officer in his or her official capacity is functionally equivalent to a suit against the employing governmental entity. *See Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Grimaldi has named the Jail Administrator, Jimmy Dorney, as a Defendant, and may bring this official capacity claim against him. The claim should be dismissed as redundant against all other defendants.

Grimaldi fails to state how any named defendant was personally involved in the alleged issues with the cold temperature in the facility. She, therefore, fails to state any plausible individual capacity claims on this issue.

### C. Claim Three – Access to Courts

Grimaldi's allegation that she did not have unlimited phone access in the inmate housing area is frivolous. The Eighth Circuit has repeatedly stated that inmates have no constitutional right to unlimited phone access. *See, e.g., Beaulieu v. Ludeman*, 690 F.3d 1017, 1038–39 (8th Cir. 2012).

Framing her claim more generally, she also fails to state a plausible denial of access-to-courts claim. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal

papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds*, 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in several ways, including prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

Further, an inmate cannot prevail on an access-to-courts claim unless he can demonstrate he suffered prejudice or actual injury resulting from the prison officials' conduct. *See Lewis*, 518 U.S. at 351-52; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds*, 430 U.S. at 824-25; *see also Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S.

at 350-51). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds*, 430 U.S. at 824-25.

Here, regarding any prejudice or actual injury arising from her lack of unlimited phone access, Grimaldi alleges only that her inability to contact representation resulted in "failure to fair trials or convictions and court dates." (ECF No. 1 at 8). She does not explain how her limited access to counsel by phone resulted in the denial of a fair trial. She does not allege that she was unable to consult with defense counsel on any given date, or for any specific court appearance or hearing, nor does she establish that any missed opportunity for phone contact with her counsel had any prejudicial effect on her case. Mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). Thus, she fails to state a plausible denial of access-to-courts claim.

### IV. CONCLUSION

Accordingly, the undersigned makes the following recommendations:

1. Plaintiff's individual capacity claim against Defendant Dr. Cruz for failure to diagnose or treat a lump on her stomach after examining her should remain for further review.

2. Plaintiff's official capacity claim against Defendant Dorney regarding the temperature in the facility and the lack of access to additional blankets should remain for further review.

3. Plaintiff's other claims should be DISMISSED WITHOUT PREJUDICE.

4. Defendants Johson and Hicks should be TERMINATED as defendants in this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of March 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE