IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA JEAN GRIMALDI                                                                PLAINTIFF

v.                              Civil No. 2:22-CV-02016-PKH-MEF

JIMMY DORNEY and DARRELL ELKIN                                          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes. III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey Court orders and failure to prosecute this case.

### I.      BACKGROUND

Plaintiff filed her Complaint on January 19, 2022. (ECF No. 1). In the Order provisionally filing the case and the Order granting Plaintiff *in forma pauperis* ("IFP") status, the Court advised Plaintiff that she must immediately inform the Court of any address change, or her case would be subject to dismissal. (ECF Nos. 3, 7). Plaintiff filed a Notice of address change on January 27, 2023, indicating she had been released from custody. (ECF No. 26).

On April 7, 2023, Defendants filed a Motion to Compel stating Plaintiff had failed to respond to repeated discovery requests. (ECF No. 32). This Motion was granted on April 24, 2023, and Plaintiff was directed to provide Defendant with the required discovery responses by May 9, 2023. (ECF No. 33). Plaintiff was advised that failure to comply by the deadline would subject the case to summary dismissal. (*Id.*). On May 10, 2023, the Order was returned as

1

undeliverable, and the deadline for Plaintiff to inform the Court of her new address was set for June 9, 2023. (ECF No. 34). On May 15, 2023, Defendant filed a Notice indicating they had not yet received any discovery response from Plaintiff. (ECF No. 35). To date, Plaintiff has not informed the Court of her new address, and she has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to keep the Court apprised of her current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local

Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE